UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANUEL REGALADO, SR., et al.,

Plaintiffs,

v.

BNSF RAILWAY COMPANY, et al.,

Defendants.

Case No.  23-cv-04287-SI

**ORDER RE: DISCOVERY DISPUTE**

Re: Dkt. No. 95

On April 28, 2026, plaintiffs Manuel Regalado, Sr.; Manuel Regalado, Jr.; and Giovana Regalado and defendants BNSF Railway Company ("BNSF") and the National Railroad Passenger Corporation dba Amtrak ("Amtrak") filed a joint statement regarding a dispute concerning plaintiffs' Rule 30(b)(6) deposition notices and accompanying requests for production.  Dkt. No. 95 (Stmt.).  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and rules as follows.

**BACKGROUND**

On January 12, 2026, plaintiffs served on BNSF and Amtrak Rule 30(b)(6) deposition notices and requests for production of documents ("RFPs").  Stmt. at 1.  Plaintiffs noticed the BNSF deposition for February 11, 2026 and the Amtrak deposition for February 12, 2026.  *Id.* at 2.

On January 28, "counsel for Defendants sent a meet-and-confer letter detailing Defendants' objections to a number of the proposed categories of examination in both the deposition notice for BNSF as well as Amtrak."  *Id.*  On February 5, plaintiffs explained their position, clarified the scope of certain categories of examination, and agreed to withdraw or amend certain categories.  *Id.*

On February 9,  "[u]pon reaching a point of impasse, . . . the parties reached an agreement:

Plaintiffs agreed not to take a non-appearance on the deposition notices pending Defendants' preparation and submission of a discovery dispute on the contested deposition categories per the Court's Standing Order. Defendants believed that Plaintiffs withdrew the notices." *Id.*

The parties filed joint discovery statements on February 20. Dkt. Nos. 81, 82. The Court found that the parties did not engage in a meaningful meet and confer process and ordered the parties to further meet and confer, either in person or via phone or videoconference. Dkt. No. 86.

Thereafter, "counsel for Plaintiffs and BNSF/Amtrak had two Zoom meet and confer videoconferences on the 30(b)(6) notices for BNSF and Amtrak, on March 20 and March 31, respectively." Stmt. at 2. "Plaintiffs served amended 30(b)(6) deposition notices along with amended requests for production on March 30, 2026 (BNSF) and April 10, 2026 (Amtrak) reflecting the parties' meet and confer discussions." *Id.*

In an April 15 email, defendants responded to both Rule 30(b)(6) notices and explained defendants' objections to the proposed categories of examination and the proposed dates of the depositions. *Id.* Plaintiffs responded the next morning, requesting "to meet and confer over the failure of BNSF and Amtrak to respond to the Requests for Production of Documents that were served with the 306b notices served on Amtrak and BNSF on January 12, 2026." *Id.*

The parties now dispute the enforceability of the RFPs served with the January 12 deposition notices.

## DISCUSSION

Plaintiffs contend that the January 12 RFPs are still pending, and that defendants' failure to serve objections to them constitutes waiver. Stmt. at 3–4. Plaintiffs assert that if BNSF and Amtrak do not produce documents responsive to the January 12 RFPs, they "face concrete harm: they cannot obtain and review documents necessary for expert analysis, cannot prepare adequately for depositions, and cannot develop factual records for dispositive motions before the cutoff." *Id.* at 4.

BNSF and Amtrak argue that the January 12 RFPs are moot, as they were superseded by the amended RFPs that accompanied the March 30 and April 10 amended Rule 30(b)(6) deposition notices. *Id.* at 5. BNSF and Amtrak further contend that plaintiffs' delay in raising the issue "clearly

United States District Court
Northern District of California

indicates that they did not actually expect Defendants would respond to the original requests." *Id.* at 6.

The parties' conduct leaves much to be desired.[1] As an initial matter, section 3 of the Court's Standing Order allows parties to attach to their joint statement "copies of the written requests for discovery and the answers or objections thereto," but the parties did not do so here.[2] The Court therefore cannot evaluate, for instance, the relevance of the requested documents and, as such, plaintiffs' assertion of prejudice, or defendants' argument that the "January 12, 2026 deposition notices do not cite Rule 34, nor do they comply with the requirements of the rule." Stmt. at 4–5.

It is also unclear why BNSF and Amtrack's January 28 letter only addressed the deposition topics and did not include objections to the RFPs, or, if there was any confusion as to the production deadline, a request to meet and confer about the same. Nor do plaintiffs explain why they waited until April 16 to raise the issue with defendants and until April 28 to bring the issue to the Court— 18 and 7 days before the May 4, 2026 fact discovery cutoff, respectively—particularly if they believed that BNSF and Amtrak had waived objections and if the requested documents are as crucial as plaintiffs contend. *See id.* at 4.

In any event, the Court finds that the March 30 and April 10 amended RFPs supersede, and BNSF and Amtrak need not produce documents in response to, the January 12 RFPs. Generally, an amended pleading supersedes the prior version. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) ("[T]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect . . . ."); *Taleshpour v. Apple Inc.*, No. 20-CV-03122-EJD, 2021 WL 1197494, at *4 (N.D. Cal. Mar. 30, 2021) ("[I]t is well-established that an amended pleading supersedes the original pleading and renders it of no legal effect, unless the amended complaint incorporates by reference portions of the prior pleading.") (citation modified). At least one court

---

[1] The parties' statement is also notable for its lack of any citation to case law.

[2] Section 3 of the Court's Standing Order also provides that "[t]he first paragraph of the joint statement or individual statement must describe the parties' meet and confer efforts, including when the parties met and conferred and by what means (i.e., in person, by videoconference, by phone)." The parties did not comply with this requirement. However, given the impending May 4 fact discovery deadline, the Court nevertheless addresses their dispute.

United States District Court
Northern District of California

appears to have applied this same rule to amended discovery requests. *See A.S. v. Point Quest*, No. 23-CV-2029-TLN-CSK, 2025 WL 3214616, at *2 (E.D. Cal. Nov. 18, 2025) ("The Court DENIES Plaintiff's request that Point Quest's objections be overruled as untimely when Plaintiff served an amended deposition notice accompanied by RFPs and Point Quest timely responded to the amended notice with RFPs."). Moreover, if plaintiffs intended the March 30 and April 10 RFPs to be in addition to the January 12 RFPs, plaintiffs could have so indicated by calling them "supplemental" or a "second set." They apparently did not.[3]

Plaintiffs' assertion that "[t]he Court's March 13, 2026, order provides independent confirmation that the discovery requests remained operative" (Stmt. at 2) stretches the Court's Order too far. Those disputes only concerned deposition topics; there was no mention of RFPs. Dkt. Nos. 81, 82. Furthermore, plaintiffs served the amended deposition notices and RFPs 17 and 28 days *after* Court's Order. In other words, the January 12 discovery requests were operative at the time the Court issued its Order, but the Order did not, and could not have, have any implications as to the effect of serving amended discovery.

# CONCLUSION

For the foregoing reasons, the Court ORDERS the following: BNSF and Amtrak need not respond to the January 12 RFPs. They are, however, still required to respond to the March 30 and April 10 amended RFPs. To the extent there is any dispute regarding those March 30 and April 10 amended RFPs, the parties shall meet and confer live, in person or via tele- or videoconference, in good faith.

**IT IS SO ORDERED**.

Dated: May 1, 2026

_____
SUSAN ILLSTON
United States District Judge

---

[3] As the parties' joint factual and procedural background refer to "amended requests for production," the Court assumes they were titled as such.